```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

REGIONS BANK as successor by merger
to Amsouth Bank,

            Plaintiff,

vs.                             Case No.   2:10-cv-184-FtM-29DNF

ALI  EBRAHIMI, F.  FRED  PEZESHKAN,
IRAJ ZAND, RAYMOND SEHAYEK,

            Defendants.

IRAJ   ZAND, RAYMOND   SEHAYEK, ALI
EBRAHIMI,  and  F.  FRED  PEZESHKAN

           Third-Party Plaintiffs,

      v.

JACK J. ANTARAMIAN, and ANTARAMIAN
FAMILY LLC,

           Third-Party Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Region Bank's Amended Motions to Dismiss Counterclaims of Iraj Zand, Raymond Sehayek, Ali Ebrahimi and F. Fred Pezeshkan and Memoranda of Law (Docs. ## 36, 37) and Jack J. Antaramian and Antaramian Family, LLC's Motion to Dismiss Third party Complaint.  (Doc. #56.)  Responses have been filed to all motions.  (Docs. #40, 59.)  Because there are insufficient allegations that this Court has subject matter jurisdiction, all pleadings will be dismissed with leave to amend.

Subject-matter jurisdiction in the Complaint (Doc. #1) is premised on diversity of citizenship under Title 28, United States Code, Section 1332. This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). The presence of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. Por A. v. Lama, Nos. 09-11153, 09-12587, 2011 WL 651996 at *6 (11th Cir. Feb. 24, 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotations and citations omitted). A corporation is a citizen of

both the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The principal place of business is determined by the "nerve center" test.  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010).

A limited liability company is a citizen of any state of which a member is a citizen.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  An alien may be deemed a citizen of the state of his domicile under certain circumstances, 28 U.S.C. § 1332(a).

The Complaint fails to allege the citizenship of any defendant.  Neither the Counterclaim nor the Third Party Complaint allege the citizenship of the parties.  Since jurisdiction must be alleged in at least the Complaint, Fed. R. Civ. P. 8(a), the pleadings must be dismissed without prejudice for failure to allege subject matter jurisdiction, with leave to amend granted pursuant to Title 28, United States Code, Section 1653.

Accordingly, it is now

**ORDERED**:

1. The Complaint (Doc. #1) is **DISMISSED WITHOUT PREJUDICE** with leave to file an amended complaint within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.

2. Region Bank's Amended Motion to Dismiss Counterclaim of Iraj Zand and Raymond Sehayek and Memorandum of Law (Doc. #36) is **DENIED** as moot.

    3.   Region Bank's Amended Motion to Dismiss Counterclaim of Ali Ebrahimi and F. Fred Pezeshkan and Memorandum of Law (Doc. #37) is **DENIED** as moot.

    4.   The Counterclaims (Doc. #23, 25) are **DISMISSED WITHOUT PREJUDICE** with leave to amend.

    5.   The Third Party Complaint (Doc. #50) is **DISMISSED WITHOUT PREJUDICE** with leave to amend.

    6.   Jack J. Antaramian and Antaramian Family, LLC's Motion to Dismiss Third party Complaint (Doc. #56) is **DENIED** as moot.

    **DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of March, 2011.

                                                  JOHN E. STEELE
                                                  United States District Judge

Copies:
Counsel of record